### YSTALIFERA IRON Co. *v.* REDFIELD and others, Ex'rs.

*(Circuit Court, S. D. New York. April 30, 1883.)*

CUSTOMS DUTIES — BOXES OF TIN PLATES — REAPPRAISEMENT — EXAMINATION OF BOXES — ACT OF AUGUST 30, 1842.

Plaintiff imported in 1853, from Liverpool, 1,300 boxes of tin plates of four different kinds, and of different value, and one box of each kind, being four boxes in all, were designated by the collector for examination and appraisal, and on appraisal increased duties and a penalty were imposed. Plaintiff paid the penalty and increased duties under protest, and brought suit to recover the amount. *Held*, that the act of August 30, 1842, §§ 16, 17, 21, under which the appraisal was made, required one in every ten boxes to be examined and appraised, and that no waiver of the statute being shown, the increased duties and penalty imposed were illegal, and that plaintiff was entitled to recover.

At Law.

*A. W. Griswold*, for plaintiff.

*H. R. Wilson*, Asst. Dist. Atty., for defendants.

SHIPMAN, J. The case shows that in 1853 the Ystalifera Iron Company, of Swansea, Wales, consigned, for its account and upon its risk, to Naylor & Co., of the city of New York, 1,300 boxes of tin and terne plates manufactured and owned by said iron company. Said goods were sent by way of Liverpool, and arrived by the ship Siddons about August 29, 1853. The invoice and entry contained four different kinds or brands, of different values, viz., 600 boxes terne plates, marked I C; 333 boxes, I C, tin plates; 137 boxes, I X, tin plates; and 230 boxes, W I C, tin plates. The invoice was presented for entry at the custom-house on August 29, 1853. The dutiable value was estimated upon the invoice valuation, being the value at the time and place of the manufacture of the goods, at $8,133.14, and the duties thereon were properly estimated to amount to $1,219.95, which were paid by Naylor & Co., without protest, on September 3, 1853. One box only of each mark or brand of the importation, being four boxes in all, were designated by the collector for examination and appraisal, and were removed to the public stores. A penal redelivery bond was given to the collector, as provided in section 4

of the act of May 28, 1830, (4 St. at Large, 410,) a permit for 1,296 boxes was given to Naylor & Co., and they received these boxes between September 10, 1853, and October 1, 1853. The invoice valuation was raised more than 10 per cent. by the government appraiser on September 12, 1853. Upon appeal by the consignees there was a reappraisement, on September 14, 1853, by a merchant appraiser and the general appraiser. The former took the oath required by law, and examined only two or three of the sample boxes which were in the public stores. The general appraiser examined no more than the four sample boxes. The two differed in their appraisal, the merchant appraiser increasing the invoice value somewhat, but less than 10 per cent., and the general appraiser adhering to the previous appraisal. The collector decided in favor of the appraisement of the general appraiser. The reappraisers appraised at Liverpool, without reference to Swansea, prices, and founded their opinion upon Liverpool prices current. The merchant appraiser deducted from the quotations in the circulars, because the value of the Ystalifera goods at Liverpool was less than that which was given as the ordinary market price. The increased duties in consequence of this appraisal were an additional duty of $140.70, and a penalty of $575, which were paid by the consignees on December 8, 1854, under and after written protest distinctly and specifically setting forth the grounds of objection to the payment of the duties, and under compulsion, partly in order to get the four boxes of plates upon which the duties were imposed, which were still in the public stores, and especially to prevent a permanent refusal by the custom-house officials to receive the bonds of their firm. There was no evidence of the waiver of the statutory requirement that one package in every ten packages in an invoice should be examined and appraised.

The decision by the reappraisers of the question what markets of the country from which the goods have been imported are the principal ones for the goods in controversy, and their appraisal, made in accordance with the examination which is required by statute, are final. But the statute (act Aug. 30, 1842, 5 St. at Large, 563–565, §§ 16, 17, 21) required that one package in every ten packages of the merchandise to be appraised must be designated by the collector and must be examined, and there must be, in substance and effect, a faithful personal examination by the reappraisers of the number of packages which are required to be examined and appraised, or such an examination of the samples drawn from such packages as is equivalent to an examination of the packages themselves. If such examination is not had, the reappraisal is invalid, and the excess of duty or the penalty that is imposed by reason of any increased valuations above those stated in the invoice is illegally imposed. *Greely* v. *Thompson,* 10 How. 225; *Greely's Adm'r* v. *Burgess,* 18 How. 413; *Burgess* v. *Converse,* 2 Curt. C. C. 216; *Stairs* v. *Peaslee,* 18 How. 521; *Belcher* v. *Linn,* 24 How. 508. If a faithful examination was

not had of the number of packages which the statute required to be examined, or of the samples drawn from such number of packages, there was no power in the reappraisers to make an appraisal. In this case but four packages, being one only of each of the four different brands of plates, and the aggregate number of packages being 1,300, were sent to the public stores for examination, and were examined. Any examination of such packages only must be inadequate, unless further examination is waived. The illegality is sufficiently pointed out in the twenty-seventh ground of protest, taken in connection with the sixteenth ground. No objection was taken by the defendants to any defect in the protest.

Let judgment be entered upon the verdict for $715.70, with interest from December 8, 1854.