RENVY, SCHMIDT & PLEISSNER v. UNITED STATES.

(Circuit Court, S. D. New York. February 3, 1903.)

No. 10.

1. CUSTOMS DUTIES—APPEAL FROM APPRAISEMENT—PRODUCTION OF IMPORTATION.
    An importer is entitled to have no greater portion of the importation produced and examined on appeal to the board of general appraisers than Rev. St. § 2939 [U. S. Comp. St. 1901, p. 1938], directs shall be sent to the appraiser.

2. SAME—DISCRETION OF APPRAISER—PRESUMPTION
    An appraiser, in exercising discretion as to the production of packages for examination, is presumed to have acted fairly, unless the contrary is shown.

Stephen G. Clarke, for appellants.
Henry C. Platt, Asst. U. S. Atty.

WHEELER, District Judge. The importation was of six cases of lambskins advanced more than 10 per cent. above valuation, upon which additional duty was assessed. The protest is, first, "that there has been no legal appraisement or reappraisement of said goods by reason of which any additional duty could accrue"; and, second, "that the appraisers, including the general appraisers, advanced the value of said goods without any actual examination of the same, and without

seeing them." The evidence taken by order of this court shows that one case of the lambskins was before the appraiser, and that the importers appeared on appeal by attorney before the board of general appraisers, and claimed that they should order the whole before them for examination on reappraisal, which was refused, whereupon the attorney withdrew. As no evidence appears to have been offered to the board to show that the case designated by the collector was not a fair sample of the importation, the question here seems to be whether an importer is entitled, on appeal to the board of appraisers, to have on request the whole importation produced. If so, the whole importation might so be required on every appeal. The statutes do not seem to require examination of any greater portion of the importation on appeal, or for additional duty, than otherwise, but only that the collector of this port shall not "direct to be sent for examination and appraisement less than one package of every invoice, and one package at least out of every ten packages of merchandise, and a greater number should he, or the appraiser or any assistant appraiser, deem it necessary." Rev. St. § 2939; U. S. Comp. St. 1901, p. 1938. Whether an appraiser should deem a greater number of the packages necessary for a fair valuation would always be a matter of discretion, to be fairly exercised upon what should be made to appear in the course of the performance of their duties. Without some showing, only a fair examination of the packages designated would be required. Greely v. Burgess, 18 How. 413, 15 L. Ed. 455; Oelbermaun v. Merritt, 123 U. S. 356, 8 Sup. Ct. 151, 31 L. Ed. 164. The appraisers, like all others required by law to exercise discretion, are presumed to have acted fairly unless the contrary is shown; and, nothing appearing otherwise here, their proceedings must be taken as correct.

Decision of board affirmed.