## UNITED STATES v. CURNEN & STINER.

(Circuit Court of Appeals, Second Circuit. March 23, 1906.)

No. 123.

1. CUSTOMS DUTIES—INVALID REAPPRAISEMENT—DUTIABLE VALUE.

The value of certain imported merchandise was advanced by the local appraiser, and the importers brought reappraisement proceedings before a General Appraiser and a Board of General Appraisers, as provided in section 13, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932]. The reappraisements being defective and void, but the appraisement by the local appraiser being valid, *held* that duty should be assessed on the value found by the local appraiser, rather than the invoice value.

2. SAME—APPRAISEMENT—PRESUMPTION OF CORRECTNESS.

In the absence of evidence to the contrary, it will be presumed that an appraisement by a local appraiser, under section 13, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932], was in conformity with law and was valid.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 195.]

3. SAME—DUTIABLE VALUE—INVALID REAPPRAISEMENT.

Under section 13, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932], until there has been a legal reappraisement taking the place of an original and valid appraisement by a local appraiser, such appraisement stands, and is not to be affected and set aside because there was an appeal for reappraisement, but no valid reappraisement was had.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 195.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York (136 Fed. 807), reversing the Board of General Appraisers (G. A. 5,720, T. D. 25,423) and the collector of the port of New York, in the matter of an importation of certain toys. No question was raised as to the classification of the importations, but only as to their appraisement.

Henry L. Stimson, U. S. Atty., and Henry A. Wise, Asst. U. S. Atty.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for the importers.

Before LACOMBE and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The Board of General Appraisers found that the importations were dolls, of which there were very many varieties, each variety differing from every other, so that a sample of one was not in any way representative of any other; also that the single General Appraiser who reappraised the dolls, and the Board of three General Appraisers which sat in review of such reappraisement, had before them only one case out of ten of each importation, the same being at least one case from each invoice, which did not represent the numerous varieties of dolls making up the importations. What hap-

pened was this: The local appraiser, in accordance with section 13, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932], did "report to the collector his decision as to the value of the merchandise appraised." Such report covered all the merchandise. As to some of the merchandise, the importers acquiesced in this decision. As to the balance of the importations, importers gave notice in writing of their dissatisfaction, and the collector directed a reappraisement of such merchandise by one of the General Appraisers. That officer having reported his decision upon reappraisement, the importers gave notice of dissatisfaction with such decision, whereupon the collector did, in accordance with the provisions of said section, "transmit the invoices and all the papers appertaining thereto to the Board of three General Appraisers" for examination and decision. The Board having decided, the collector assessed duty upon the valuations found by it. It appears that such valuation was in no instance greater than that ascertained by the local appraiser. The importers thereupon, under section 14, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1333], filed protest, and sought a review of the collector's decision by the Board of General Appraisers. That Board sustained the collector's action, and appeal was taken to the Circuit Court, which reversed the Board and the collector, and directed that duties should be liquidated on the valuations given in the invoices.

No one disputes the proposition that a decision as to valuation or appraisement of imported merchandise cannot be reviewed under section 14, except for jurisdictional defects. The points raised must be found, not in the briefs, but in the protest, which charges that:

"Neither the General Appraisers nor any of the witnesses in the matter had at or prior to the hearing or decision seen or examined, or sufficiently examined, any of the cases in question, or sufficient or proper samples therefrom, or a legal, proper, and sufficient number of cases for the purpose from the invoices in question, or sufficient and proper samples therefrom. Our offers to produce adequate samples were rejected. There was material informality in the conduct and conclusion of said so-called reappraisements. * * * We claim that duty should be assessed solely on the basis of the invoice valuations, inasmuch as we have not received, but have been deprived of, legal and valid reappraisements, such as we were entitled to under the law."

Strictly construed, this protest is against the action of the Board of three General Appraisers only. It has, however, been treated all along as covering also the reappraisement by a single General Appraiser, and may be accorded an equally liberal construction here.

An interesting and very important question is presented on this appeal, viz., when the Board of three General Appraisers sits, under section 13, in review of the reappraisement by a single General Appraiser, do they sit as a court of review or as appraisers? Counsel for the government contend (and support their contention by a very strong argument) that the change of phraseology in the section is highly important; that the single General Appraiser, when so directed by the collector, makes a reappraisement under like conditions as the local appraiser; but that when, upon the importer's notice of dis-

satisfaction, the Board of three General Appraisers are called in, they are required only to "examine and decide the case thus submitted" by the collector when he "transmits the invoice and all the papers appertaining thereto." That, therefore, they are not left powerless to act if the merchandise imported or samples of such merchandise are not before them. That whichever side seeks a review of the reappraisement should supply them with whatever may be necessary—the importations, samples thereof, samples shown to be fairly representative, or testimony from which the character of the importations can be determined—and, in default of thus supplying them with sufficient proof, cannot be heard to complain that they decided the case on an insufficient record. In other words, that the "Board of three General Appraisers" under section 13 is exactly the same sort of Board, and should act in exactly the same way when reviewing reappraisements, as the "Board of three General Appraisers" under section 14 when reviewing classifications. It is pointed out that the language of the two sections prescribing their duties is identical.

It is not necessary to decide that question in this case, since the result will be the same either way. A decision in accord with the contention of the government would apparently be inconsistent with the opinion of this court in U. S. v. Loeb, 107 Fed. 692, 46 C. C. A. 562. That opinion was concurred in by three judges, while in the cause at bar only two are sitting, and the decision upon what is practically a reargument of that case may appropriately be reserved for a full bench, inasmuch as our conclusions on another branch of the case lead to an affirmance of the collector's action.

It is further contended for the government that, even upon their own theory, the importers' testimony is not sufficient to warrant a decision in their favor. Even under the Loeb Case it is not necessary for the Board of three General Appraisers to have all the importations before them; samples will equally well answer the purpose. No doubt, samples of the actual goods covered by the invoice are preferable, but it may very well be that samples which can be shown to be accurate representatives of the importations would answer the purpose. Such seems to be the importers' own view of the situation, for their protest asserts that they offered to "produce adequate samples," and the proof indicates that this meant, not invoice samples, but stock samples. The evidence of such offer and rejection, however, is quite unsatisfactory. Apparently no such offer was made to the "Board" nor to all three General Appraisers, but only to one of them. Other alleged defects in proof are pointed out by counsel for the government; but fortunately we need not dispose of the cause on any such technical objections as these. It may be conceded, for the purposes of this appeal, that the reappraisement of the single General Appraiser and the review thereof by the board of three were void for jurisdictional defects. What is the result? The answer will be found in the act itself. Section 13 provides that the appraiser shall revise and correct the reports of the assistant appraisers as he may judge proper, and the appraiser shall report to the collector his decision as to the value of the merchandise appraised. The decision of the appraiser, or of the General Ap-

praiser. in cases of reappraisement, shall be final and conclusive as to the dutiable value against all parties interested therein, unless it is overruled by a decision of a majority of the board of three upon examination of the case submitted to them.   Section 2906, U. S. Rev. St. [U. S. Comp. St. 1901, p. 1923], provides that the appraised value shall be considered the value upon which duty shall be assessed.   The importer is of course entitled to a reappraisement if he gives notice of dissatisfaction; if that is denied him by refusal of the General Appraiser to act at all, or to comply with jurisdictional requirements, the importer may have appropriate remedy to obtain such reappraisement.   But until there is such a reappraisement as will take the place of an original valid and proper appraisement, it is difficult to understand upon what theory it can be vacated and set aside; certainly the mere filing of notice of dissatisfaction does not accomplish that result.   The interests of the importer are provided for by various provisions as to the manner in which the local appraiser shall discharge his functions.   U. S. Rev. St. §§ 2614, 2615, 2901, 2931, 2950 [U. S. Comp. St. 1901, pp. 1804, 1805, 1921, 1931, 1940], Customs Administrative Act July 10, 1890, c. 407, § 10, 19, 26 Stat. 136, 139 [U. S. Comp. St. 1901, pp. 1922, 1924], and for failure to conform to them his appraisement may in a proper case be set aside by the court.   Greely v. Burgess, 18 How. 413, 15 L. Ed. 455; Oelbermann v. Merritt, 123 U. S. 356, 8 Sup. Ct. 151, 31 L. Ed. 164.   But there must be some proof made of a failure to conform to the requirements of the statute.

In the case at bar we start with an appraisement by the local appraiser, and the presumption that he, a public officer, performed his statutory duties.   There is not a scintilla of evidence to show the contrary.   For aught that appears, he may have had before him samples of every variety of dolls covered by the invoices; some taken from the public storecases, and the others furnished by the importers themselves, or by the persons to whom they had sold and delivered the cases not sent to public store.   Moreover, the importers do not attack the validity of the appraisement by the local appraiser; no reference to it, directly or indirectly, is found in the protest.   Under these circumstances, we must hold that such appraisement is valid, and that the collector was not in error when he based his assessment for duties thereon.

The decision of the Circuit Court is reversed, and the collector's action approved.