### UNITED STATES v. CHAS. M. TAYLOR'S SONS.

(Circuit Court, E. D. Pennsylvania. May 13, 1909.)

#### No. 95.

1. CUSTOMS DUTIES (§ 80*)—REAPPRAISEMENT—JURISDICTION.

Part of the evidence was taken before one general appraiser and part before another, who decided the case later, but by oversight failed to consider the evidence taken before the first general appraiser. *Held*, that this oversight was only an error of procedure, and did not deprive him of jurisdiction.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 80.*]

2. CUSTOMS DUTIES (§ 84*)—ERROR IN PROCEDURE—MODE OF CORRECTION.

Where a general appraiser through oversight failed to consider a portion of the evidence in a reappraisement case which he decided, the remedy of the aggrieved party was by·appeal for reappraisement by a Board of General Appraisers, as provided in Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 136 (U. S. Comp. St. 1901, p. 1932), rather than by protest as provided in section 14, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 200; Dec. Dig. § 84.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below is reported as G. A. 6,641 (T. D. 28,299), and reversed the assessment of duty by the collector of customs at the port of Philadelphia.

J. Whitaker Thompson, U. S. Atty., and Jasper Yeates Brinton, Asst. U. S. Atty.

Everit Brown, for importers.

J. B. McPHERSON, District Judge. The facts in this case appear in the following majority and minority opinions of the board:

"Before Board 2 (Fischer, Howell, and De Vries, General Appraisers).

"FISCHER, General Appraiser. This protest concerns the validity of a reappraisement proceeding before this board. It appears that the appraiser at Philadelphia added to make market value on certain guns imported at that port in the name of Chas. M. Taylor's Sons, customhouse brokers, for the Norwell-Shapleigh Hardware Company, St. Louis. The importers duly filed an appeal to reappraisement, as provided in section 13, c. 407, Act June 10, 1890, 26 Stat. 136 (U. S. Comp. St. 1901, p. 1932); the collector forward-

ed all the papers in the case to the board; and, in accordance with the request of the importers, a hearing was held at St. Louis, where the place of business of the ultimate consignees is located. At that hearing, which was held on November 13, 1906, by General Appraiser Somerville, testimony was introduced by the importers in support of the appeal and their contention that the invoice price was the correct market value. The following memorandum is found attached to the papers:

"No. 12,224. Testimony taken at St. Louis on November 13, 1906. Case continued for further evidence at Philadelphia, per request of special agent. H. M. Somerville, General Appraiser. November 13, 1906.

"Pursuant to this request, another hearing in the case was held at Philadelphia, the port where the goods were entered and originally appraised, and testimony in support of the appraised value was there given. This latter hearing was presided over by General Appraiser Hay, and took place on December 10, 1906. It appears further from the testimony before us and from the record of the reappraisement that on December 12, 1906, General Appraiser Hay rendered a decision sustaining the advance made by the local appraiser, and that his decision was made without consideration of the evidence previously offered by the importers, and that he did not, in fact, know of the existence of such evidence, or that the importers had presented their case to another general appraiser. The testimony the importers had given is not to be found among the papers. The validity of the reappraisement thus decided is now questioned by the importers, who contend that they have not been allowed the full measure of the remedy provided by the law (section 13, Act June 10, 1890), which grants to an importer the right of an appeal to a general appraiser if he is dissatisfied with the appraisement made by the local appraiser. The bestowal of this right would seem to imply that the importer also has a right to have the evidence he has offered in response to the opportunity afforded him taken into consideration in the decision of the case, as well as that offered by the government. In the case at bar the importers ask not only that the reappraisement proceeding had been declared to be valid, but that they be granted the opportunity to be heard, as contemplated by the statute cited.

"The general appraiser who heard the importers' case did not render a decision, and the general appraiser who did render the decision did not hear the importers' case. The decision was therefore made without the importers' having been heard. and they have not had their day in court. Where a complainant has been heard by one tribunal and the defendant by another, which then proceeds to decide the case. it can scarcely be said that the issues have been heard; and such a proceeding cannot fairly be called a trial. That was what happened in this case, and our chief concern is to determine how the importers may be put in a position to enjoy the right to a valid reappraisement such as is contemplated by the statute, and of which they have undoubtedly been deprived. That the importers are not divested of their right to a valid reappraisement by reason of the fact that reappraisement proceedings which turn out to have been invalid have been held, is affirmed by Judge Lacombe in the opinion of the Circuit Court of Appeals in the case of United States v. Curnen & Stiner, 146 Fed. 45, 76 C. C. A. 503 (T. D. 27,262).

"The importer is of course entitled to a reappraisement if he gives notice of dissatisfaction. If that is denied him by refusal of the general appraiser to act at all, or to comply with jurisdictional requirements, the importer may have an appropriate remedy to obtain such reappraisement. But until there is such reappraisement as will take the place of an original, valid, and proper appraisement, it is difficult to understand upon what theory it can be vacated or set aside.

"The court did not indicate just what is the 'appropriate remedy to obtain such reappraisement' which it states the importer may have, and we have been cited to no precedent which points it out.

"Counsel for the government contends that the importers' remedy in this case was an appeal to a board of three general appraisers. It is true that such a board could have passed upon the merits of the case; but the query is whether the importers did not have the absolute right to a valid reappraisement by a single general appraiser, as the law provides, before ap-

pealing to a board of three. To. hold otherwise would result in cutting off a trial by a lower tribunal. It is no answer to the importers' appeal here to say that they might have taken a different proceeding. It is well settled that, if a reappraisement is invalid by reason of jurisdictional defects or illegality of procedure, the importers may have a remedy by protest, as provided in section 14 of the administrative act (26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]).

"It will be noted that the prayer of the importers in this case is entirely different from the contention urged by the importers in the Curnen Case, supra. There the importers demanded that the reappraisement proceeding be declared to be void, and that the basis for the assessment of duties be relegated to their entered value; while in the case at bar the importers simply ask that they be restored to the position that they were in when they filed their notice of dissatisfaction with the appraisement of their goods made by the local appraiser. It would seem that there would be no unfairness to either party by allowing a reappraisement de novo, for the government could then produce its testimony, and the importers would be getting no more than what the statute allows them, and of which they have been unintentionally deprived through inadvertence. It would be quite different if the importers asked that their entered value be sustained by setting aside the reappraisement proceedings; for the appraisement made by the local appraiser has not been attacked in any way, and appears to have been made in a legal manner. It would be equally wrong, however, to set aside the reappraisement proceedings, and to hold that the original appraisement is final. As already stated, the importers would thereby be deprived of the right to a reappraisement conferred by section 13 of the administrative act, which right cannot legally be taken from them either by accident or design.

"We are of opinion that there was no legal or valid reappraisement of the merchandise covered by this appeal, and that the importers are still in the position in which they were when they had submitted their evidence in support of the correctness of the entered value of the goods, just as if no decision of the case had been made by a general appraiser. We are of opinion that the protest sufficiently and clearly sets out the proper claim.

"The appeal for reappraisement should, together with all the papers in the case, be remanded to a general appraiser, to the end that he shall hear both sides, and the evidence offered by them shall be considered, and a decision based on all of said evidence shall be formulated.

"The protest is sustained, and the decision of the collector assessing duties on the basis of the appraised value is reversed, with instructions to withhold the reliquidation of the entry until the conclusion of the reappraisement proceedings."

DE VRIES, General Appraiser. I dissent. The facts in this case are not disputed. Certain guns were imported by the Norwell-Shapleigh Hardware Company, of St. Louis, Mo., and entered at the port of Philadelphia, September 25, 1906. The local appraiser advanced the value. From this appraisement timely appeal was taken by the importers under the provisions of section 13, Customs Administrative Act 1890, to a single general appraiser. The collector, in accordance with the provisions of said section, forwarded the papers to the office of the United States general appraisers at New York. Thereafter a written request that the importers be given an opportunity to submit evidence in St. Louis to a general appraiser was granted. Accordingly the case was regularly docketed at the port of St. Louis, and due notice in accordance with the regulations was given the importers of such hearing; and on November 13, 1906, General Appraiser Somerville took testimony in St. Louis in said case, at which the importers appeared. The case was then continued for further hearing at the port of Philadelphia.

"Thereafter said case was regularly docketed for hearing on December 10, 1906, at the port of Philadelphia, and due notice, as prescribed by the regulations, given the importers of such hearing. On said date testimony was taken before General Appraiser Hay at said port on behalf of the government. None was offered by the importers. They did not appear, though they received notice of such hearing and ample time was afforded for appearance. On December 12, 1906, General Appraiser Hay rendered decision in the case.

Due notice of such decision, as prescribed by the law, was given and received by the importers. This notice was in regular form, and advised them, among other things, that 'if you appeal from this appraisement it will be necessary to do so within two official days after the day of this notice.' The importers did not avail themselves of this notice or of their right to appeal to a board of three general appraisers, but upon liquidation commenced this proceeding under the provisions of section 14 of the customs administrative act.

"The absence of any notice of either hearing is not asserted. That such were duly and regularly given is admitted. The sole point made by the importers is that, in view of the fact that General Appraiser Hay was not advised of the taking of the testimony at the port of St. Louis by General Appraiser Somerville, and proceeded to the decision without an examination of the same, the decision is open to question in this proceeding.

"Section 13 of the Customs Administrative Act provides that:

" 'The decision of the appraiser * * * or of the general appraiser in cases of reappraisement, shall be final and conclusive as to the dutiable value of such merchandise against all persons interested therein, unless the importer, owner, consignee or agent of the merchandise shall be dissatisfied with such decision, and shall, within two days thereafter, give notice to the collector, in writing, of such dissatisfaction. * * *'

"That is to say, unless appeal is taken to a board of three general appraisers, the decision of the single general appraiser becomes final and conclusive, and is not the subject of review in any court.

"The Supreme Court, however, in the case of Passavant & Co., 169 U. S. 211, 18 Sup. Ct. 219, 42 L. Ed. 644, and other courts, have maintained the jurisdiction of a board of three general appraisers acting under the provisions of section 14 of said act, and of the courts upon appeal from such decision to review the decision of a single general appraiser or a board of three general appraisers, where it appears they proceeded without jurisdiction. The measure of authority of the board, and, consequently, of the courts, is aptly stated in the case of United States v. Curnen (T. D. 27,262), wherein the Circuit Court of Appeals for the Second Circuit states:

"No one disputes the proposition that a decision as to the valuation or appraisement of imported merchandise cannot be reviewed under section 14, except for jurisdictional defects.

"Jurisdiction is power to hear and determine. Jurisdiction to hear in this case consists of giving due notice to the importer of the hearing.

"Inasmuch, however, as the Board of General Appraisers and a single general appraiser is a special tribunal and derives jurisdiction from compliance with the statutory requirements creating it, the proceedings are without jurisdiction unless the board of the single general appraiser has proceeded according to statute. In such cases the mode is the measure of the power, and any deviation therefrom is without authority of law. It being conceded, however, that due notice has been given the importer of a hearing, and the general appraiser having proceeded in accordance with the law in his ascertainment of facts, his decision in such a case is not illegal, although it may have been irregular. The distinction must be observed between an illegal or void decision and a decision which is irregular and voidable. In the one case the general appraiser has proceeded without jurisdiction. In the other case he has proceeded within his jurisdiction, but in an irregular manner. Any infraction of one of the statutory limitations upon the general appraiser's powers would amount to an illegality; but there being none such after due notice, any error would amount to no more than an irregularity.

"In this case no statute is pointed out, and no regulation of the Treasury Department is offered, which it is asserted was either infracted or not followed by the general appraiser in reaching decision. The fact that the general appraiser rendering decision overlooked testimony taken by another general appraiser does not amount to an illegality. The sum and substance of the irregularity alleged is that a part of the testimony in the record was not considered by the general appraiser. The fact that such testimony was taken by another general appraiser in a more deliberate manner does not change the case. It did not differ from other testimony received in such cases—

sometimes ex parte on affidavits, sometimes in the form of reports of special agents gathered abroad, and sometimes in the form of letters, bills, receipts, etc. It is a common and necessary practice of the board to gather data by some other officer than the deciding one, as do courts by depositions. It would be no different case whether the failure to examine part of the testimony be by design or inadvertence, as in this case. If it is to be held that the failure of a general appraiser to examine a part of the testimony in the record, whether by design or inadvertence, nullifies the decision and renders it void as without jurisdiction, then we may expect that every decision of a single general appraiser or a Board of General Appraisers in reappraisement proceedings would be assaulted upon that ground under the provisions of section 14. It would be only one step further in the same direction to hold that not sufficient weight was given to one class of testimony as distinguished from another.

"The courts have uniformly held that the weight to be given evidence or whether it is considered at all in a reappraisement case by an appraising officer is not the subject of review by the courts.

"This point was precisely passed upon by the United States Supreme Court in the case of Hilton v. Merritt, 110 U. S. 97, 106, 3 Sup. Ct. 548, 554, 28 L. Ed. 83. The plaintiff's counsel claimed the right to go to the jury upon—

"Whether the appraiser followed the evidence before him or disregarded it.

"The court said: 'We are of opinion, therefore, that the valuation made by the customs officers was not open to question in an action at law as long as the officers acted without fraud and within the power conferred on them by the statute. The evidence offered by the plaintiffs, and ruled out by the court, tended only to show carelessness or irregularity in the discharge of their duties by the customs officers, but not that they were assuming powers not conferred by the statute, and the questions which the plaintiffs proposed to submit to the jury were, in the view we take of the statute, immaterial and irrelevant.'

"This enunciation by the court received express approval in the case of Auffmordt v. Hedden, 137 U. S. 310, 325, 11 Sup. Ct. 103, 107, 34 L. Ed. 674, where the Supreme Court said that it was not allowable, in a proceeding at law, to review the decision of a general appraiser, 'to try before the jury the question as to the actual value of the goods, and whether the appraisers followed the evidence before them or disregarded it.'

"We must not lose sight of the fact that the decision was rendered by General Appraiser Hay; that due notice of this hearing was given; that due notice of his decision was given, and in each case admittedly received by the importer; and that the liquidation here assaulted by this protest was one made after such notice to the importer of the hearing by and decision of the general appraiser. Due notice having been given the importer and ample time allowed for appearance, and due notice of decision, he could have appealed to a board of three general appraisers. Upon such appeal a voidable decision could be reviewed and irregularities corrected. The general appraiser having had jurisdiction, however, and not having proceeded in contravention of any statute or regulation, his decision having been given, and regular notice thereof afforded the importer, the liquidation in this case was not illegal, if voidable. The duty is incumbent upon the importer to respond to notices sent of such hearings and present his case. Having failed to do this, and due notices having been given, and the general appraiser not having proceeded contrary to any statute or regulation, and the statutory requirements having been observed, it would seem the liquidation is valid and the protest is not well taken.

"In this view I have expressed no opinion as to the remedial character of the mandate of the majority opinion."

These opinions present clearly the opposing views concerning the only question that needs to be decided, and I shall only add that the position taken by General Appraiser De Vries, reinforced as it was by the convincing brief of the Assistant United States Attorney, seems to me to be correct. I think it clear that General Appraiser Hay had

full jurisdiction to decide the question of valuation upon appeal from the local appraisement, and that his right to decide was in no degree impaired by the fact that through an oversight he failed to examine and consider a part of the testimony. This was no doubt an error of procedure, but such an error does not go to the jurisdiction. The power to decide remained, and was exercised upon the precise subject committed to the general appraiser by the statute; the scope of the power was in no sense transgressed (as, for example, by valuation upon an illegal principle), but the error was merely in the method of proceeding, and could only be corrected by an appeal to the board, and not by the remedy of protest that has been adopted. The protest proceeds upon the ground that his failure to consider a part of the testimony deprived General Appraiser Hay of jurisdiction, and to this position I am not prepared to assent.

The decision of the Board of General Appraisers is therefore reversed.