GRUBNAU v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. May 13, 1909.)

No. 79.

CUSTOMS DUTIES (§ 80*)—REAPPRAISEMENT—INVALIDITY.

　　Where it is not shown that the original appraisement by a local appraiser was incorrect, it is immaterial that a reappraisement held on appeal from such appraisement was invalid, if the value found was the same in each proceeding; because in such event the original appraised value would be taken as the dutiable value.

　　[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 196; Dec. Dig. § 80.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importer.

J. Whitaker Thompson, U. S. Atty. (Jasper Yeates Brinton, Asst. U. S. Atty., of counsel).

J. B. McPHERSON, District Judge. For the purposes of the present decision it is only necessary to call attention to the facts set forth in the following stipulation of counsel that was filed with the board:

"It is hereby agreed that the merchandise covered by the above protest consists of washed Smyrna wool, embraced in two invoices. That these in-

voices cover certain bales of white wool, other bales of black wool, and other bales of gray wool, all invoiced at a round price. That, on appraisement before the local appraiser at Philadelphia, the appraiser found a separate value for the white wool, and made certain additions to make the foreign market value of such white wool, which made it worth over 12 cents per pound; and he appraised the black and gray wool as valued at under 12 cents per pound. That thereafter the importer called for reappraisement of said white wool by a single United States general appraiser, pursuant to section 13 of the act of June 10, 1890, c. 407, 26 Stat. 136 (U. S. Comp. St. 1901, p. 1932), and said general appraiser affirmed the appraisement as made by the local appraiser. That said importer called for further reappraisement of said white wool by a board of three general appraisers, pursuant to section 13 of the act of June 10, 1890, and said board of three general appraisers affirmed the values already found for said white wool."

There was other evidence before the board and additional testimony was taken upon the pending petition, but none of it need now be referred to, as the decision of the board was put upon the single ground that the importers' protest did not challenge the correctness of the valuation made by the local appraiser, and that, upon the authority of United States v. Curnen & Stiner, 146 Fed. 46, 76 C. C A. 503, such a valuation is therefore to be taken as the dutiable value of the merchandise, even if the correctness of the reappraisements should be disapproved. The opinion of the board is as follows:

"This protest challenges the legality of a reappraisement of washed Smyrna wool, contending that the importation in question consisted of wools chiefly white, but some part colored, and that the general appraisers illegally and arbitrarily appraised the importation as though the white and colored wools had been separately imported, advancing the value of the whole importation to the value which the white wool might or would have had if the same had been separately imported.

"The testimony is voluminous, much of it not at all pertinent to the issue. It shows, however, that the white and colored wool in question was packed separately and invoiced at a round price. The record shows that the appraiser of the port, the general appraiser, and the board of three general appraisers all found the same value for the white wool, which is all that is covered by the appeal. The action of the local appraiser is not challenged by the protest. Under the decision of the United States Circuit Court of Appeals in United States v. Curnen & Stiner, 146 Fed. 46, 76 C. C. A. 503 (T. D. 27,262), it matters not whether the reappraisement by the general appraiser or by the board of general appraisers is valid or invalid so far as the proper liquidation of this entry is concerned, for there it was held that the last valid appraisement should be taken as the dutiable value of the merchandise. As all three appraisements are the same, the action of the collector must be sustained, regardless of the validity or the invalidity of the reappraisement. The protest is therefore overruled."

Upon this opinion the order of the board is affirmed.