THE GEORGE C. WHITNEY CO. *v.* UNITED STATES (No. 3042[1])

United States Court of Customs Appeals, June 12, 1928

*Joseph F. Lockett* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Peter A. Abeles* and *Fred J. Carter,* special attorneys, of counsel), for the United States.

[Oral argument May 9, 1928, by Mr. Lockett and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Imported lithographed valentines were classified by the collector of customs at the port of Boston as greeting cards with text or greeting and assessed for duty at 45 per centum ad valorem under that part of paragraph 1310 of the Tariff Act of 1922 which reads as follows:

1310. * * * greeting cards, including those in the form of folders and booklets * * * with text or greeting, 45 per centum ad valorem * * *.

The president and treasurer of the importing company, without the aid of counsel, protested against the classification of the collector and claimed that the goods were not greeting cards but lithographic prints dutiable *under paragraph 1306* at either 10½ or 11 cents per pound *according to size and thickness.* The provisions of paragraph 1306 which require consideration in reaching a conclusion as to the issues presented read as follows:

1306. Pictures, * * * cards * * * composed wholly or in chief value of paper lithographically printed in whole or in part * * * decalcomanias in ceramic colors, weighing not over one hundred pounds per one thousand sheets on the basis of twenty by thirty inches in dimensions * * * all other

---

[1] T D. 42874.

articles than those hereinbefore specifically provided for in this paragraph, not exceeding eight one-thousandths of an inch in thickness, 25 cents per pound; exceeding eight and not exceeding twenty one-thousandths of an inch in thickness and less than thirty-five square inches cutting size in dimensions, 10 cents per pound; exceeding thirty-five square inches cutting size in dimensions, 9½ cents per pound, and in addition thereto on all of said articles exceeding eight and not exceeding twenty one-thousandths of an inch in thickness, if either die-cut or embossed, one-half of 1 cent per pound; if both die-cut and embossed, 1 cent per pound; *exceeding twenty one-thousandths of an inch in thickness, 7½ cents per pound: Provided,* That * * * the thickness which shall determine the rate of duty to be imposed shall be that of the thinnest material found in the article, but * * * the thickness of lithographs mounted or pasted upon paper, cardboard, or other material shall be the combined thickness of the lithograph and the foundation on which it is mounted or pasted, and the cutting size shall be the area which is the product of the greatest dimensions of length and breadth of the article * * *. (Italics not quoted.)

On the stipulated facts and following its previous decisions the United States Customs Court found that the cards were dutiable as lithographic prints and sustained the importing company's protest as to those lithographic prints claimed to be dutiable by the importer at 10½ cents and 11 cents per pound. Certain other lithographic prints were held by the United States Customs Court to be dutiable at 7½ cents per pound but as to them the protest was overruled, without affirming the decision of the collector, on the ground that that rate of duty had not been claimed in the protest.

From the judgment overruling the protest as to the lithographic prints dutiable at 7½ cents per pound the importer appealed. No appeal from the judgment of the court was taken by the Government.

The only question presented by the appeal is whether the protest was so worded that it misled the collector as to the nature of the importing company's claim and failed to call his attention to the character of goods imported and to the error claimed to have been committed by him in classifying them.

We think that the protest clearly and unmistakably apprised the collector that the goods were *lithographic prints* which were dutiable under paragraph 1306 *according to size and thickness.* It was the duty of the collector to read the paragraph upon which the importing company relied in its protest and in particular that part thereof which made lithographic prints dutiable on the basis of their size and thickness. It must be presumed that the collector did his duty and that having read the paragraph upon which the importer counted in his protest he knew, first, that lithographic prints not exceeding eight one-thousandths of an inch in thickness were dutiable at 25 cents per pound and exceeding twenty one-thousandths of an inch at 7½ cents per pound; second, *that die-cut and embossed lithographic prints* less than 35 square inches in size and having a thickness of more than eight one-thousandths and not more than twenty one-thousandths of an inch were dutiable at 11 cents per pound, and having a size

exceeding 35 square inches and being within the limits of thickness last mentioned, 10½ cents per pound.

Samples of all the goods were in the hands of the collector and those samples told him whether or not they were lithographic prints, die cut and embossed. All that remained to be done to determine the rate of duty applicable to the prints was to measure them for length, breadth, and thickness. The collector's attention was not directed away from the proper paragraph or from the part thereof under which the importing company claimed. If the goods were dutiable as lithographic prints, and the lower court held they were, then mere measurement fixed the rate of duty.

The statute requiring a protest on the part of importers was not designed for men learned in the law and trained to the niceties in pleading but for men engaged in commercial pursuits. Strict rules of construction are not applicable to protests, and it is sufficient if the importer indicates distinctly and definitely the sources of his complaint and his desire to make it the foundation of a claim against the Government. *Carter* v. *United States*, 1 Ct. Cust. Appls. 64, T. D. 31033; *United States* v. *Malone*, 12 Ct. Cust. Appls. 178, 179, T. D. 40164; *Greely's Administrator* v. *Burgess*, 18 How. 413, 416, 417.

In *Carter* v. *United States, supra*, the importer claimed that certain cotton cloth was dutiable under paragraphs 304 to 310, inclusive, of the Tariff Act of 1897, according to count of threads, weight, value, and condition, but did not specify the weight, value, or number of threads to the square inch in the cotton fabric. The protest in that case was certainly not so specific as the protest in this case.

In *United States*, v. *Malone, supra*, the importer claimed that skins of sheep with the wool on were entitled to free entry as undressed sheep skins under paragraph 603 of the Tariff Act of 1913, whereas as a matter of fact and of law the importation was entitled to free entry under paragraph 650 of said act as sheep's wool on the skin. In that case the protest was held to be sufficient.

A protest specifying the right paragraph but claiming the wrong rate of duty has been held to be sufficient. *Michelin Tire Co.* v. *United States*, 6 Ct. Cust. Appls. 283, 284, 285, T. D. 35507.

Technical precision is not required; but the objections must be so distinct and specific as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was to notify the collector of its true nature and character, to the end that he might ascertain the precise facts and have an opportunity to correct the mistake and cure the defect if it was one which could be obviated.

Two objects * * * were intended to be accomplished by the provision in the act of Congress requiring * * * a protest: 1. To apprise the collector of the objections entertained by the importer before it should be too late to remove them, if capable of being removed. 2. To hold the importer to the objections which he then contemplated and on which he really acted and prevent him, or others in his behalf, from seeking out defects in the proceedings after

the business should be closed by the payment of the money into the Treasury. *Davies* v. *Arthur*, 96 U. S. 148, 151, 152.

A protest is not required to be made with technical precision, but is sufficient if it shows fairly that the objection afterwards made at the trial was in the mind of the party and was brought to the knowledge of the collector, so as to secure to the Government the practical advantage which the statute was designed to secure. *Arthur* v. *Morgan*, 112 U. S. 495, 501.

A protest which indicated to an intelligent man the ground of the importer's objection to the duty levied upon the articles should not be discarded because of the brevity with which the objection is stated. *Schell's Executors* v. *Fauche*, 138 U. S. 562, 569.

The courts have gone so far in dealing liberally with protests that a protest has been held to be sufficient when it claims the proper rate of duty but fails to specify the proper paragraph.

The object of the statute in requiring a protest was to distinctly inform the collector of the position of the importer. In this instance it was impossible for the collector to have read the protest without perceiving that his classification of the merchandise * * * was objected to, and that the importer claimed that under the law the goods were dutiable at two cents per pound. *United States* v. *Shea, Smith & Co.*, 114 Fed. Rep. 38, 40, 41; *United States* v. *Salambier*, 170 U. S. 621, 626.

The real claim of the importer was that lithographic prints were dutiable under paragraph 1306 *according to size and thickness*, and his failure to specify the rate of duty applicable to each size and thickness imported could not have misled the collector and indicated unmistakably that the protestant had in mind not only the paragraph but the factors which determined the rate of duty applicable to his merchandise.

The judgment of the United States Customs Court is *reversed* as to the prints held to be dutiable at 7½ cents per pound and *affirmed* in all other respects, and the cause is *remanded*.