**No. 61280.**—M. Modlin & Sons *v.* United States, protests 245854–K and 245855–K (New York).

WILSON, Judge: These protests are directed against the action of the collector in failing to reliquidate free of duty certain entries covering kidskin plates, which were assessed with duty at the rate of 25 per centum ad valorem under the provisions of paragraph 1519 (a) of the Tariff Act of 1930 as plates of dressed kidskins. Plaintiff, in the case at bar, claims that certain protests originally made against the assessment of duty were sufficient under the law to support a claim for free entry of the involved merchandise.

The controversy herein arose as follows: The merchandise covered by the protests here involved was originally the subject of a decision of this court in *M. Modlin & Son et al.* v. *United States*, 30 Cust. Ct. 434, Abstract 57277, involving protests 929743–G, 157314–K, and 155080–K. In protest 929743–G, a protest claim with respect to the merchandise covered thereby was made for free entry under paragraph 1681, *supra*, as "Furs and fur skins, not specially provided for, undressed." In protests 157314–K and 155080–K (which protests covered the merchandise involved in the instant action), no claim was made for free entry under paragraph 1681, *supra*, but claim was made in those protests for free entry under paragraph 1765 of the Tariff Act of 1930 as "Skins of all kinds * * * raw, not specially provided for." It was stipulated between the respective parties in the original litigation (Abstract 57277) that all of the merchandise "covered by the protests and entries enumerated on Schedule A, attached hereto and made a part hereof, assessed with duty at 25 per centum ad valorem under the provisions of Par. 1519 (a), Tariff Act of 1930, is the same in all material respects as the merchandise the subject of *Kung Chen Fur Corporation* v. *United States*, Protest 716758–G et al. * * *," which case was incorporated in the record of *M. Modlin & Son et al.* v. *United States*, protests 929743–G, 157314–K, and 155080–K. In the *Kung Chen Fur Corpn.* case, 29 Cust. Ct. 266, C. D. 1480, certain Chinese kidskins were held to be free of duty under paragraph 1681 of the Tariff Act of 1930 as "Furs and fur skins, not specially provided for, undressed." This court in the original litigation rendered judgment as follows:

* * * that the protests are sustained so far as they claim the merchandise covered by the entries enumerated in Schedule A, attached to our decision herein and made a part hereof, and which was assessed with duty at the rate of 25 per centum ad valorem under paragraph 1519 (a) of the Tariff Act of 1930, to be free of duty under paragraph 1681 of the Tariff Act of 1930.

The collector reliquidated the merchandise covered by protest 929743–G free of duty, but did not reliquidate at the free entry rate with respect to the merchandise covered by protests 157314–K and 155080–K, inasmuch as there was no claim for free entry under paragraph 1681 of the Tariff Act of 1930 with respect to the merchandise involved therein. The instant protests are directed against the failure of the collector to reliquidate free of duty the entries here involved. At the trial herein, motion was made by counsel for the plaintiff, and the same was granted, to amend the involved protests to read as follows:

You have failed to reliquidate this entry free of duty. The claim for free entry made in the protest was sufficient notice to you that your classification was objected to, and that under the law, the merchandise is claimed to be free of duty. The protest was sufficient. See *The George C. Whitney Co.* v. *United States*, 16 Ct. Cust. Appls. 301, 304, T. D. 42874, and cases cited therein.

You should reliquidate this entry and refund all of the duty collected thereon.

The question for determination in the case at bar is whether the claim, as originally made, for free entry of the merchandise was sufficient notice to the collector that the classification made by him was objected to, even though, with respect to the two protests here involved, no claim was made for free entry under paragraph 1681 of the tariff act. In this connection, plaintiff directs our attention to the case of *The George C. Whitney Co.* v. *United States*, 16 Ct. Cust. Appls. 301, T. D. 42874, and cases cited therein.

In the *Whitney Co.* case, *supra*, our appellate court, page 303, in construing the rules of construction as applicable to protests, stated:

The statute requiring a protest on the part of importers was not designed for men learned in the law and trained to the niceties in pleading but for men engaged in commercial pursuits. Strict rules of construction are not applicable to protests, and it is sufficient if the importer indicates distinctly and definitely the sources

of his complaint and his desire to make it the foundation of a claim against the Government. *Carter* v. *United States*, 1 Ct. Cust. Appls. 64, T. D. 31033; *United States* v. *Malone*, 12 Ct. Cust. Appls. 178, 179, T. D. 40164; *Greely's Administrator* v. *Burgess*, 18 How. 413, 416, 417.

\*     \*     \*     \*     \*     \*     \*

and at page 304:

The courts have gone so far in dealing liberally with protests that a protest has been held to be sufficient when it claims the proper rate of duty but fails to specify the proper paragraph.

\*     \*     \*     \*     \*     \*     \*

In our opinion, the rule enunciated by our appellate court in the *Whitney Co.* case, *supra*, is applicable in the determination of the issue here before us. The original protests directed against the merchandise sufficiently informed the collector that his classification was objected to and that the importer was making claim for free entry with respect to the involved goods. Further, as heretofore observed, it was stipulated between the parties that all of the merchandise covered by the protests and entries enumerated in the schedule of protests which was assessed with duty at 25 per centum ad valorem under the provisions of paragraph 1519 (a) of the Tariff Act of 1930 was the same in all material respects as the merchandise the subject of *Kung Chen Fur Corpn.* v. *United States* (protests 716758–G, etc.), C. D. 1480, which case was incorporated in the original action. In the latter case, kidskins, such as those here involved, were held free of duty under paragraph 1681 of the Tariff Act of 1930 as "Furs and fur skins, not specially provided for, undressed." The court, in the original litigation, sustained the protests as to the merchandise covered by the schedule of protests, holding all of such merchandise to be free of duty under paragraph 1681 of the Tariff Act of 1930. It was manifestly not the holding or intention of the court in the *Modlin* case, *supra*, to limit the application of free entry only to such merchandise as was claimed dutiable under paragraph 1681, *supra*, but to hold all of the merchandise of the character here involved free of duty, in accordance with the stipulation entered into between the parties and following the holding of the court in the *Kung Chen Fur Corpn.* case (C. D. 1480), *supra*. The court is "clothed by law with authority to determine the classification of imported merchandise." (*United States* v. *Kurtz, Stuböeck & Co.*, 5 Ct. Cust. Appls. 144, 145, T. D. 34192.)

For the aforesaid reasons, we hold the involved merchandise covered by protests 245854–K and 245855–K to be properly free of duty under paragraph 1681 of the Tariff Act of 1930 as "Furs and fur skins, not specially provided for, undressed." The protests in this case are sustained. Judgment will be rendered for the plaintiff, directing the collector to reliquidate the involved entries free of duty and refund all duties collected thereon.