No. 64258.—National Carloading Corporation v. United States, protest 58/5204 (San Francisco).

RAO, Judge:  This is a motion for leave to amend the protest in the above-entitled action to insert the following claims:

We claim that the cards are the usual containers for the needles and needle threaders and that the cost of these containers should be prorated between needles and the needle threader.

Counsel for the defendant has indorsed upon the moving papers the statement that there is no objection on his part to the granting of this motion.

The alleged protest to which the instant motion is addressed is in the form of a letter to the collector of customs at the port of San Francisco, on the stationery of the Judson-Sheldon Division of the National Carloading Corporation. The body of the letter reads as follows:

Please accept this as our formal protest and request that the above entry be settled locally.

Samples of merchandise contained in the above entry were forwarded to Mr. W. E. Higman, Bureau of Customs, Washington, on March 23, and a bureau letter was issued in reply to same on April 26.  It is our contention that this bureau letter allowed sufficient advice to classify the merchandise accordingly. We therefore request that you inspect the entry for possible reliquidation.

The right of an importer to protest a liquidation of imported merchandise is statutory.  Section 514 of the Tariff Act of 1930 is the enabling provision. It specifies the time for filing a protest, to wit, within 60 days after liquidation, and the substance thereof, to wit, that it shall be in writing, "setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto."

It has been said of a protest that it need not be made with technical precision, but it is sufficient "if the importer indicates distinctly and definitely the source of his complaint, and his design to make it the foundation for a claim against the government."  Greeley's Administrator v. Burgess (Converse v. Burgess), 59 U.S. 413.  If it fairly and accurately apprises the collector of the objection which is raised against his action, so that he may have an opportunity to reconsider, a protest is legally sufficient.  Arthur v. Morgan, 112 U.S. 495.

* * * A protest which indicates to an intelligent man the ground of the importer's objection to the duty levied upon the articles should not be discarded because of the brevity with which the objection is stated.  [Schell's Executors v. Fauché, 138 U.S. 562.]

However, it is also settled law that a protest must point out or suggest the provision of law which it is claimed controls the classification of the subject

merchandise and the assessment of duty thereon. *Herrmann* v. *Robertson*, 152 U.S. 521. It may not incorporate, by reference to another document, the reasons embodied therein, unless the same is physically annexed to the writing which purports to be the protest. *Robert G. Winny* v. *United States*, 7 Treas. Dec. 774, T.D. 25297. And if the protest itself gives no indication of the reasons why the collector's action is alleged to be erroneous, and, further, does not set forth the paragraphs which allegedly properly govern the disposition of the merchandise, the document is fatally defective. *Bernard, Judae & Co.* v. *United States*, 71 Treas. Dec. 558, T.D. 48899.

An examination of the so-called protest in the instant case, in the light of the foregoing observations, patently reveals its insufficiency. Although the entry which it covers embraces three different types of merchandise, the protest does not specify on its face which of the three is the subject of controversy. Neither does it set forth the provisions of law claimed to be controlling. Whether or not the collector, possessed of information obtained from plaintiff's letter to the Bureau of Customs or other sources, may have been apprised of plaintiff's objections to the liquidation, the protest itself does not state a cause of action.

The entry in the instant case was liquidated on November 15, 1957, and the time for protesting expired on January 14, 1958. Since no valid protest was filed on or before the latter date, this court never acquired jurisdiction of the controversy. It is, therefore, without power to grant the instant motion to amend the protest.

The jurisdictional defect inherent in these proceedings has not been raised by counsel for the Government, whether through oversight, or as an intentional, though necessarily ineffective, waiver, we have no means of knowing. However, the court possesses authority *sua sponte* to dismiss a protest which fails to confer jurisdiction. *U. Fujita & Co. et al.* v. *United States*, 26 C.C.P.A. (Customs) 63, T.D. 49611. We are constrained to exercise that authority in this instance. Plaintiff's motion to amend is, therefore, denied, and the protest is dismissed for insufficiency.

Order and judgment will be entered accordingly.