BEFORE THE SECOND DIVISION

NOVEMBER 23, 1960

**No. 64924.**—J. R. Press Corporation *v.* United States, protests 59/15856, 59/15861, and 59/18990 (Boston).— —The following memorandum accompanied the order granting the Government's motion to dismiss:

FORD, Judge: The protests listed in schedule "A," annexed hereto and made a part hereof, are before us for determination of two motions, one a motion to dismiss on the grounds that the protests do not comply with the provisions of section 514 of the Tariff Act of 1930, and the other a motion to amend said protests.

The protests were timely filed with the collector of customs at Boston, Mass., and read as follows:

[Protest 59/15856]. We wish to file a protest on the rate of Duty charged on the 200 Air Force Visors which were entered on May 7th under Informal Entry, Manifest & Receipt No. 1233870.

[Protest 59/15861 is substantially the same as the above, except it covers 100 visors.]

[Protest 59/18990]. Re Mail Entry No. 212346, dated 7/18/58—We wish to protest the rate of duty charged us on this entry.

When the protests appeared on the calendar for the first time, a motion to dismiss was made by counsel for defendant, and counsel for plaintiff moved to amend the protests. Counsel for defendant, after moving to dismiss, made the following statement:

Your Honor, as representative of the Attorney General's Office I can merely point out that the written protest appears to be defective because it is insufficient under the statute. However, I don't mind bringing to your attention the facts in the case as presented to me by Mr. Garvin, which indicates that the appraiser's office had oral knowledge of the protest. I think the rest is within the discretion of the Court.

which statement was adopted in open court by Mr. Garvin, the appraiser of merchandise at the port of Boston, Mass.

The judge on circuit permitted the filing of the motions to amend and reserved decision for the full division on the motions.

Counsel for plaintiff contends that the court has liberally interpreted the statutes relating to the requirement for claims filed in customs matters, citing *Converse* v. *Burgess*, 18 How. 413; *Arthur* v. *Morgan*, 112 U.S. 495; *United States* v. *Salambier*, 170 U.S. 621.

All of these cases stand for the basic proposition that a protest is sufficient if it indicates the source of complaint so as to advise the collector what is in the mind of the party. With this principle, we are in accord. However, section 514 of the Tariff Act of 1930, which is the section permitting the importer to file a protest, specifies what is required to prepare a valid protest for filing. First, this protest must be filed within 60 days from the date of liquidation; second, it must be in writing "setting forth distinctly and specifically, * * * the reasons for the objection thereto."

An examination of the so-called protests in the cases consolidated herein reveals they have been filed within the statutory period of time and are in writing. The writing does not, however, set forth the reasons for objection or the basis of the claim and is, accordingly, patently insufficient. Whether or not the appraiser was advised orally of the position of the importer is immaterial. The provisions of section 514 of the Tariff Act of 1930 require the protest to be in writing and it must contain the reasons for the objection. Any information collaterally obtained by the collector does not validate an otherwise invalid protest. In the instant case, the collateral information, as to the position of the plaintiff herein, was given to the appraiser and not to the collector.

The case of *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abstract 64258, is strikingly similar to the case at bar. In the *National Carloading* case, *supra*, the court dismissed a protest *sua sponte* as being insufficient, even though the protest itself referred to certain correspondence with the Bureau of Customs, and accordingly, denied a motion to amend. We deem this case to be controlling herein.

In view of the foregoing, we are constrained to grant the motion of defendant to dismiss the protest on the ground of insufficiency. Since no valid protest was filed, the court is without jurisdiction to act upon plaintiff's motion to amend.

Order and judgment will be entered accordingly.