BEFORE THE THIRD DIVISION, FEBRUARY 21, 1961

No. 65189.—The A. W. Fenton Co. *v.* United States, protest 60/11884 (New York).

DONLON, Judge: When this suit was called on the New York calendar at a term of court held December 19, 1960, plaintiff moved that the case be continued to the March 1961 term for all purposes. Defendant thereupon moved that the suit be dismissed, on the ground that the protest "is insufficient, and that there is no way from the protest files to know what the plaintiff is speaking of."

Decision on both motions was reserved. Counsel for the parties declined the opportunity, proffered by the court, to file briefs or supporting memoranda.

The merchandise of this suit consists of two packages of antique silverware which arrived as a mail shipment from abroad at the port of New York. The

shipment was noted to have a value of more than $250, and, pursuant to regulations (19 C.F.R. § 9.4), customs in New York notified plaintiff, on customs Form 3509, under date of July 11, 1956, that formal customs entry was required. Consumption entry No. 302546 was filed the next day, on July 12, 1956. Duty free entry was claimed under the provisions of paragraph 1811 of the Tariff Act of 1930.

Under the provisions of paragraph 1811, artistic antiquities produced prior to 1830 are free of duty "subject to such regulations *as to proof of antiquity* as the Secretary of the Treasury may prescribe." [Emphasis supplied.]

The entry was accepted by the collector. Plaintiff's bond was charged, pursuant to 19 C.F.R. § 8.9, for the production within 6 months thereafter of the special customs invoice that is required by 19 C.F.R. § 8.15 in connection with articles that are conditionally duty free. Such invoice is required to contain a declaration of the foreign vendor or foreign owner, unless the declaration is waived by the collector, all as prescribed in 19 C.F.R. §10.53.

More than the prescribed period of 6 months elapsed without such filing. On November 18, 1957, the collector liquidated the entry. He classified the silverware under paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, and charged duty on the importation at the modified paragraph 397 duty rate of 23½ per centum ad valorem.

Plaintiff's bond, which had been charged with production of the special invoice, was satisfied by the compromise payment of $10 as liquidated damages. 19 C.F.R. § 25.17.

On December 13, 1957, within a period of 60 days after liquidation, plaintiff sent to the New York collector what is stated to be a "lettergram," signed by one C. J. McFarland, and reading as follows:

To Collector of Customs New York 4 N Y

Sir: Re entry 302546 M & A case 13251

Herewith is file returned to us from the shippers in England on which we have paid a sum of $10.00.

The shipper feels or rather says he was informed such shipment is exempt from Consular Invoice requirements and cites TD 52430 3/13/50.

Before the liquidated damage case was made up we called this to the attention of the missing document section who could not help us.

May we have your reply as to the practice followed and any comments that may help prevent a similar incident.

Very truly yours

/S/ C J McFarland

C J McFarland

On December 19, 1958, over a year later, plaintiff wrote the collector, and then enclosed the hitherto lacking supporting invoice as to artistic antiquity. Plaintiff also then asked that the lettergram of December 13, 1957, be accepted by the collector as plaintiff's protest against liquidation, and that the entry be reliquidated as duty free.

The collector was not able then immediately to locate the lettergram of December 13, 1957, and considerable correspondence ensued in order to establish the fact that it had been filed. When located, the lettergram request was termed by the collector a "purported protest," and, in his report, the collector "suggested that consideration be given to a dismissal of the purported protest."

On January 30, 1960, plaintiff petitioned the Commissioner of Customs for relief. On April 7, 1960, the Commissioner denied relief on the ground that the

"lettergram" did not protest the liquidation and that there was no other provision of law under which plaintiff could be afforded relief.

The question raised by defendant's motion to dismiss is whether the lettergram, quoted above in full, is such a protest as section 514 of the Tariff Act of 1930 contemplates. We are not now called upon to make a decision in the suit on the merits.

We agree with the Commissioner that plaintiff's lettergram did not protest the liquidation.

There is in the lettergram nothing to suggest that the remedy sought is reliquidation of the entry. To the contrary, the lettergram requests information "that may help prevent a similar incident." The basis of difference in view is stated, namely, that T.D. 52430, of March 13, 1950, exempts this shipment from the consular invoice requirements.

There is ample authority that a protest need not be made with technical precision. *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abstract 64258. Exact words of protest are not required, nor is it necessary to set forth the grounds of protest in any particular form.

Section 514 of the Tariff Act of 1930 has two requirements particularly pertinent to this situation: One, that there be a *protest*; and, two, that the protest shall state "distinctly and specifically, and in respect to each entry * * * the reasons for the objection" to the liquidation.

The difficulty with the lettergram is that *it does not protest*. It seeks merely a guide as to how to prevent a similar incident in the future.

Defendant's motion is granted. Plaintiff's motion is denied. Judgment will be entered dismissing the suit.