BEFORE THE SECOND DIVISION

DECEMBER 28, 1964

**No. 68985.**—Atlantic Linen Importing Co. *v.* United States, protest 61/5308 (New York). Government's motion to dismiss for insufficient protest denied by LAWRENCE, J., and FORD, J.; RAO, J., dissenting. The following memorandum accompanied the order:

FORD, Judge: This matter is before us on a motion to dismiss the above protest on the grounds of insufficiency. The protest in question reads, as follows:

August 12, 1960

Collector of Customs
Bowling Green Station
New York 4, N.Y.

ATT: LIQUIDATION DIVISION

CE   980296 dtd. 5/4/59
     Liquidated Aug. 5, 1960
     Incr. duty     $524.90—NOT PAID.

We have been advised by our Customs broker that the above cited entry covering an importation for our account has been liquidated as noted above.

We beg reference to our letter dated Feb. 18, 1960 addressed as follows:

Bureau of Customs
Internal Revenue Bldg.
Washington, D.C.

THRU:     Collector of Customs
          New York, N.Y.

wherein we requested re-consideration as to the duty rate assessed for liquidating purposes. Said letter was filed in your office on Feb. 23, 1960 along with a sample of the merchandise. To this date, we have not received a reply from your office nor the Bureau of Customs.

May we now request a reply as to why our entry was liquidated without an earlier reply to our letter of Feb. 18, 1960? We understand our letter is now attached to the entry papers on file in your Moneys & Accounts Division, Customs bill No. 136187, dated August 5, 1960. Could we possibly now have this file re-opened so that our earlier request for a lower duty rate will be granted? Your assistance in this matter will be appreciated.

Very truly yours,

ATLANTIC LINEN IMPORTING CO.

(Signed)   A. ABADI
           A. ABADI

The letter referred to above dated February 18, 1960, reads as follows:

Feb. 18, 1960

Bureau of Customs
Internal Revenue Bldg.
Washington, D.C.

THRU:   Collector of Customs     Att. LIQUIDATING DIVISION
        New York, NY             CE 980296—5/4/59 (NY, NY)
        Sir:

This entry covers an importation for our own account, consisting of 23 cartons plastic mats, entered under Par. 1559–1413, at 15% ad valorem, Plastic mats, as similitude, paper cut to shape.

The U.S. Appraiser, New York, NY, has advanced the duty rate to 30% and 25¢ per pound, under paragraphs 1312 and 1313. This will result in a duty assessment amounting to $671.30. We originally paid $156.15 in Customs duty. The new classification amounts to a 430% increase in the duty and would result in a teriffic monetary loss to us.

We are writing this appeal to you for a possible change in the classification and duty assessment, as we understand that your office has jurisdiction in such matters. We have been importing varied merchandise for several years and have paid additional duty assessments on other types of merchandise without protest or complaint but we have never been so heavily assessed as we are on this particular importation.

We enclose herewith supporting letter dated July 1, 1959 from H. F. Allenby Co., the New York sales agent for the foreign supplier of these mats, wherein

it will be noted that the Allenby firm made inquiry as to the duty rate prior to obtaining the merchandise for us.

The matter is now referred to you in the hopes that you can possibly modify the classification at the originally stated declaration, viz: paragraphs 1559–1413 or, at a more moderate duty rate than that covered by paragraphs 1312 and 1313. A sample of the article is also submitted herewith.

Your assistance in this matter will be appreciated.

Note: The invoice has just been returned to your office by the Appraiser and is now in the 5-day file, Room 410.

Very truly yours,<br>ATLANTIC LINEN IMPORTING CO.

(Signed)  A. ABADI Owner

The Government contends that, by virtue of section 514 of the Tariff Act of 1930, a protest in writing setting forth distinctly and specifically the claims alleged is required. Defendant does not deny that the letter dated August 12, 1960, was timely filed but points out that the letter dated February 18, 1960, was filed prematurely and with the Bureau of Customs and not with the collector as prescribed by statute.

Defendant relies upon the case of *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abstract 64258, wherein a protest was deemed insufficient, although it referred to the fact that samples had been sent to the Bureau of Customs and the Bureau had issued a reply. The Court therein made the following comment:

However, it is also settled law that a protest must point out or suggest the provision of law which it is claimed controls the classification of the subject merchandise and the assessment of duty thereon. *Herrmann* v. *Robertson*, 152 U.S. 521. It may not incorporate, by reference to another document, the reasons embodied therein, unless the same is physically annexed to the writing which purports to be the protest. *Robert G. Winny* v. *United States*, 7 Treas. Dec. 774, T.D. 25297. And if the protest itself gives no indication of the reasons why the collector's action is alleged to be erroneous, and, further, does not set forth the paragraphs which allegedly properly govern the disposition of the merchandise, the document is fatally defective. *Bernard, Judae & Co.* v. *United States*, 71 Treas. Dec. 558, T.D. 48899.

While there is a striking similarity between the facts in the case at bar and those in the *National Carloading Corporation* case, *supra*, there also appears to be a distinction which becomes apparent from the following statement quoted from that decision:

* * * Whether or not the collector, possessed of information obtained from plaintiff's letter to the Bureau of Customs or other sources, may have been apprised of plaintiff's objections to the liquidation, the protest itself does not state a cause of action.

Whether the letter of the Bureau of Customs was contained in the official papers is not evident. In the case at bar, the letter, which appears to be an original, is contained in the official file.

Defendant also relies upon the decision in *J. R. Press Corporation* v. *United States*, 45 Cust. Ct. 382, Abstract 64924, wherein it was held that any information collaterally obtained by the collector does not validate an otherwise invalid protest. In the *Press* case, *supra*, the written protest filed was insufficient and the information collaterally obtained was by virtue of oral discussions with the appraiser. The facts in the case at bar are clearly distinguishable from the facts in the *Press* case, *supra*.

It is a basic proposition of law that a protest is sufficient if it indicates the source of complaint so as to advise the collector what is in the mind of the

party. The protest must be in writing and filed within 60 days from the date of liquidation "setting forth distinctly and specifically * * * the reasons for the objection thereto." It has been said of a protest that it need not be made with technical precision as long as it fairly and accurately apprises the collector of the objection which is raised against his action so that he may have an opportunity to reconsider. *Arthur* v. *Morgan*, 112 U.S. 495.

Plaintiff on the other hand relies upon *United States* v. *Harlan & Hollingsworth Corporation*, 8 Ct. Cust. Appls. 236, T.D. 37497, wherein the court held a protest to be sufficient, although it referred to a letter of the Assistant Secretary of the Treasury. Defendant points out that, although reference is made to the letter of the Assistant Secretary of the Treasury, all the essentials of a protest are contained within the protest.

Basically, the institution of an action against the United States for recovery of duties is by means of a protest. As indicated, *supra*, the protest need not be legalistic in form so long as it advises the collector of the intent of the party. It is apparent as quoted in the *Harlan & Hollingsworth* case, *supra*, from *Schell's Executors* v. *Fauché*, 138 U.S. 562, that the proper test is whether the person reading these papers would be deceived or misled as to the actual intent of the writer. It is obvious that the collector herein was not deceived or misled as to the actual intent of the writer since, pursuant to section 515 of the Tariff Act of 1930, the protest was reviewed and the decision of the collector affirmed. It has been held that the report of the appraiser when not timely made is not competent evidence. *Oakland Food Products Co. et al.* v. *United States*, 32 CCPA 28, C.A.D. 281. Conversely, an answer of the collector made within 90 days, as prescribed by section 515, is competent evidence to at least establish that he was aware of the intent of the importer and was not in fact misled or deceived. Such an answer is contained in the official papers in the matter now before us.

In view of the language quoted from the *National Carloading* case, *supra*, it is deemed pertinent at this point to discuss the question as to whether information obtained collaterally by another letter must be physically attached to the protest.

In the *Schell* case, *supra*, the Supreme Court made the following comment:

* * * Authorities are plentiful to the effect that papers attached together even by a pin are to be treated as a unit constituting one entire contract or memorandum. * * * If, however, the papers are not connected together in fact, they are not considered as connected in law, unless, at least, the paper signed refers in some way to the other, which may then be construed as forming a part of it. *Hinde* v. *Whitehouse*, 7 East, 558; *Kenworthy* v. *Schofield*, 2 B. & C. 945. * * *

It is significant to note the second paragraph of the letter of Mr. Abadi to the collector of customs, dated August 12, 1960, quoted, *supra*, refers to the other letter of Mr. Abadi to the Bureau of Customs, dated February 18, 1960, quoted, *supra*, and is, therefore, accordingly connected in fact. The review of the collector and his report being timely made, indicates the collector knew the intent of the importer and, hence, the letters are connected together in law. It should also be noted the letter was physically attached to the official papers which are presently before the court. While there may be some instances wherein information collaterally obtained may be deemed insufficient to state a cause of action, the instant case is not one. We believe the protest is sufficient.

The motion of the defendant herein to dismiss on the grounds of insufficiency is, therefore, overruled.

Order will be issued accordingly.

DISSENTING OPINION

RAO, Judge. For the reasons set forth in the case of *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abstract 64258, particularly in the excerpts quoted in the majority opinion, I would grant the motion of defendant and dismiss the protest on the grounds of insufficiency.