BEFORE THE THIRD DIVISION

FEBRUARY 4, 1965

**No. 69066.**—How-Tex Peanut Company, Inc. v. United States, protests 269360–K and 276070–K (Laredo).— Motions denied by order of DONLON, J; RICHARDSON, J., concurring.

DONLON, Judge: Defendant has made identical motions to dismiss these two protests for alleged failure to apprise the collector of the reasons for protest, citing the enabling protest statute, section 514 of the Tariff Act of 1930, and J. R. Press Corporation v. United States, 45 Cust. Ct. 382, Abstract 64924, and National Carloading Corporation v. United States, 44 Cust. Ct. 493, Abstract 64258.

Plaintiff opposes the motions. In separate memoranda for each protest, substantially identical, plaintiff argues that (1) the protests are legally sufficient,

(2) motions to dismiss are untimely because the protests already have been amended, without objection by defendant, by action of the presiding judge in open court at Laredo, Tex., and (3) a decision on the merits (Abstract 67649) has been rendered by this court on identical pleadings, as to an entry that was severed from one of these protests (269360–KS), upon a written stipulation of fact formally made by and between counsel, including counsel for defendant.

For convenience, we rule together on these motions as to both of the protests.

We find the protests legally sufficient. We affirm the action of the single judge granting the motions to amend the protests. We deny the motions to dismiss the protests.

The merchandise involved is peanuts, imported from Mexico, and classified and assessed with duty at 7 cents per pound under paragraph 759 of the 1930 tariff act. There is no protest claim as to classification or regular duty assessment. In addition to regular duty assessment, the collector exacted a fee, on the peanuts, of 2 cents per pound pursuant to Presidential Proclamations 3084 of March 9, 1955 (T.D. 53755) and 3095 of May 16, 1955 (T.D. 53808), which were issued under authority purported to have been granted by section 22 of the Agricultural Adjustment Act. 7 U.S.C., section 624.

Plaintiff timely protested exaction of these fees and in substantially similar protest language, which is illustrated by the following language of protest 276070–K:

HOU-Tex Peanut Co. of 6501 Hurst St. Houston, Texas, hereby protest your decision to exact a fee at the rate of 2¢ per pound in respect of the following entries and your liquidation of said entries: [The entries were thereupon identified by date, etc.]

On February 19, 1963, the late Judge Johnson, at Laredo, Tex., granted the written motions of plaintiff to amend these protests, defendant's "No Objection" being indorsed thereon by signature as follows: Joseph Guilfoyle, Assistant Attorney General, Civil Division, By Andrew P. Vance (SNZ).

Such amendment, without enlarging the protest claim beyond the original objection to exaction of the fee on peanuts, recites legal objections to the Presidential proclamations, as follows:

The peanuts involved in this entry were imported under a quota established by Presidential Proclamation 3084, issued March 9, 1955. That Proclamation also declared that imported peanuts were to be subjected to a fee of two cents per pound.

It is submitted that Section 22 of the Agricultural Adjustment Act, as amended (7 U.S.C. 624), does not authorize or permit the President to impose a fee on the importation of an agricultural commodity in addition to proclaiming quantitative limitations on its importation. The authority of the President is expressly stated in the alternative in the Act. Both impositions may not be in force at the same time.

Further, imposition of the said fee was contrary to law and not authorized in that it was calculated to result, and has resulted, in the establishment and maintenance of prices for peanuts in violation of Section 2 of the Agricultural Adjustment Act, as amended (7 U.S.C. 602).

Furthermore, the United States Tariff Commission did not, in its notice of hearing issued November 26, 1954, give due notice to interested parties that its investigation, upon which and upon the report of which the President made his findings, would include the matter of imposing a fee under said Section 22 of the Agricultural Adjustment Act, and, accordingly, such interested parties did not have adequate opportunity to be heard with respect to such fee as required by law.

Finally, the establishment and assessment of the fee in this case, and provisions of the Act if construed to authorize the fee, are a violation of the Constitution of the United States and deprivation of property without due process of law.

Accordingly, the undersigned respectfully demands refund of the fee paid on the above entry.

Further, the fee imposed under Presidential Proclamation 3095 of May 16, 1955, T.D. 53808, was contrary to law, in violation of Section 2 of the Agricultural Adjustment Act, as amended, and illegal, null and void, and said fees should accordingly be refunded.

Plaintiff argues that the order of the single judge granting protest amendment forecloses defendant's motions to dismiss the protests for failure to state a cause of action. We do not agree.

A single judge, sitting on circuit assignment, has judicial authority to make necessary rulings for the proper conduct of the calendar, short of rendering final judgment in protest cases. His rulings are, however, subject to review of the division having jurisdiction of the protest. The division, in its discretion, may ratify or reverse rulings made by the single judge on its behalf. *Geo. S. Bush & Co., Inc.* v. *United States*, 22 Cust. Ct. 158, C.D. 1175, cited with approval in *S. J. Charia & Co.* v. *United States*, 43 CCPA 147, C.A.D. 622, at page 151.

It has been held, however, that a defective protest confers no jurisdiction on this court (*U. Fujita & Co.* v. *United States*, 26 CCPA 63, followed in *National Carloading Corporation* v. *United States, supra*) ; and that, in such a case, the court lacks jurisdiction to grant a motion to amend. *U. Fujita & Co.* v. *United States* (dissenting opinion), *National Carloading Corporation* v. *United States, supra.* If, therefore, a single judge on circuit grants amendment to a protest which offers no jurisdictional base on which the court could act, that action might be reversed by the division on issue *timely* raised. *Sweeney & Johnson* v. *United States*, 61 Treas, Dec. 1331, T.D. 45772. Inasmuch as the legal sufficiency of these protests is critical to our decision of the motions to dismiss, we proceed to consider their sufficiency. However, we deem it appropriate to say that, in our opinion, defendant's objection to the amendment is not *timely* raised. Defendant entered its action as "No objection" to the amendment it now attacks. On any ground save lack of jurisdiction, and perhaps even on that ground, defendant's right now to object would be foreclosed.

The rules for construing the validity of a protest as a pleading under section 514 have been stated many times. The rule most often quoted was stated in *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, at page 429, as follows :

It was held in substance in Bliven *v.* United States (1 Ct. Cust. Appls. 205) that one cardinal rule in construing a protest is that it must show fairly that the objection afterwards made at the trial was in the mind of the party at the time the protest was made and was brought to the knowledge of the collector to the end that he might ascertain the precise facts and have an opportunity to correct the mistake and cure the defect if it was one that could be obviated. * * *

In the various cases where this principle has been upheld it will appear that in some the correct paragraph has been cited without mentioning the rate of duty ; again, the correct rate has been mentioned without referring to the paragraph ; and other discrepancies and infirmities have been considered and discussed. It has, however, uniformly been considered, as already suggested, that one great rule of construction is that *at the time he makes his protest the importer must have in mind the objection afterwards made at the trial* and must sufficiently, in view of all the circumstances, call the collector's attention thereto, so that he may consider and pass upon the same ; and the determination of this case must stand or fall upon the application of that rule. [Emphasis copied ; see also, *United States* v. *Macksoud Importing Co.*, 25 CCPA 44.]

Judge Rao restated the rule in *National Carloading Corporation, supra*, cited by defendant in support of its motions, as follows :

It has been said·of a protest that it need not be made with technical precision, but it is sufficient "if the importer indicates distinctly and definitely the source

of his complaint, and his design to make it the foundation for a claim against the government." *Greeley's Administrator* v. *Burgess* (*Converse* v. *Burgess*), 59 U.S. 413. If it fairly and accurately apprises the collector of the objection which is raised against his action, so that he may have an opportunity to reconsider, a protest is legally sufficient. *Arthur* v. *Morgan*, 112 U.S. 495.

> * * * A protest which indicates to an intelligent man the ground of the importer's objection to the duty levied upon the articles should not be discarded because of the brevity with which the objection is stated. [*Schell's Executors* v. *Fauché*, 138 U.S. 562.]

However, it is also settled law that a protest must point out or suggest the provision of law which it is claimed controls the classification of the subject merchandise and the assessment of duty thereon. *Herrmann* v. *Robertson*, 152 U.S. 521. It may not incorporate, by reference to another document, the reasons embodied therein, unless the same is physically annexed to the writing which purports to be the protest. *Robert G. Winny* v. *United States*, 7 Treas. Dec. 774, T.D. 25297. And if the protest itself gives no indication of the reasons why the collector's action is alleged to be erroneous, and, further, does not set forth the paragraphs which allegedly properly govern the disposition of the merchandise, the document is fatally defective. *Bernard, Judae & Co.* v. *United States*, 71 Treas. Dec. 558, T.D. 48899. [44 Cust. Ct. 493, 494.]

We are of opinion that, in the context of the controversy as to the fees exacted in liquidating entries of peanuts, and the fact that the fee could only be challenged through challenge to the proclamations which imposed the fee, the collector could not fail to have known the source of objection to the fee and the protestant's design to make that objection the foundation of a claim against the Government. Indeed, that he did know this is obvious from the collector's report forwarding the protest to this court, in which he cited Presidential Proclamations No. 3084 and 3095 as the basis of plaintiff's complaint as to the fee on peanuts.

The protests in *National Carloading Corporation, supra,* and *J. R. Press Corporation, supra,* challenged the collector's classification of merchandise and the rates of duty charged, but failed to specify what paragraph was claimed as proper for classification. The situations there are quite different from that now before us. To protest a classification and at the same time fail to claim another classification, is to leave the collector in the dark among a myriad of provisions in the tariff act which classify merchandise. Such a protest is frivolous.

The fee exacted in these cases had, however, but one source, the Presidential proclamations. The objection to exaction of the fee implicitly pointed to that source. The collector knew it. He so reported.

The order of the single judge amending these protests is affirmed. The motions to dismiss are denied.

So ordered.

### CONCURRING OPINION

RICHARDSON, Judge: A person seeking to avail himself of the statutory right to protest a liquidation of imported merchandise is required, under 19 U.S.C.A., section 1514 (Tariff Act of 1930, section 514), to set forth "distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto." The cases cited in the briefs of counsel indicate that, in some instances, the quoted language has been given a liberal construction and in some instances a strict construction. There are circumstances set out in the principal opinion that warrant a liberal construction in this case, and I, therefore, concur in the denial of the motions to dismiss.