Before the First Division, February 17, 1966

**No. 69794.**—Import Motors of Chicago, Inc. *v.* United States, protests 64/10949–13932 and 64/10950–13984 (Chicago).

Oliver, Judge:   This matter is before the court on a motion to dismiss the above-enumerated protests on the grounds of insufficiency. The motion to dismiss relates to both protests for the same reasons, and they were, therefore, consolidated for the purposes of the motion.

Protest 64/10949 covers entry No. 18482, filed at the port of Chicago, Ill., on March 14, 1962, and liquidated on April 3, 1963.   Protest 64/10950 covers entry No. 2597, filed at the same port on July 31, 1962, and liquidated on May 1, 1963.   The protest in each case was timely filed on May 2 and 23, 1963, respectively.   Protest 64/10949 contains the following:

We hereby file protest against Entry No. C–18482, dated 3/14/62, on the basis of classification of merchandise.

Protest 64/10950 is exactly the same except it pertains to entry No. 2597.

At the trial in Chicago, counsel for the defendant orally moved to dismiss both protests as insufficient for the reason that they do not state a cause of action within the meaning of section 514 of the Tariff Act of 1930.

The judge on circuit granted both parties time to file statements supporting their respective positions on the motion and reserved decision for the full division.

The statutory conditions for the filing of a valid protest against the decisions and liquidations of the collector, encompassed within section 514, relate in the main to timeliness and content.   It is this second condition or requirement, namely, content, which is in issue here.   So far as pertinent, section 514 requires that the protest shall be in writing, filed with the collector, and "setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto."

This statutory requirement has been the subject of a long and continuous history of judicial interpretation, commencing under previous tariff acts possessing the same or similar language. See *Arthur* v. *Morgan*, 112 U.S. 495; *Schell's Executors* v. *Fauche*, 138 U.S. 562; *Hermann* v. *Robertson*, 152 U.S. 521; *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, T.D. 34946. In *American Mail Line, Ltd.* v. *United States*, 34 CCPA 1, C.A.D. 335, the court of appeals stated the meaning of this requirement in the light of previous judicial interpretations of earlier acts and as it applies to the 1930 Tariff Act. At page 6 of its opinion, the court said:

\* \* \* no specialized legalistic knowledge was to be required in filing a protest, and that it would be sufficient if it distinctly and specifically set out the reasons for the objections to the collector's action so that the collector would know what was in the mind of the protestant and, if proper, could take such action as was necessary to make corrections. The protestant was required not only to point out that his merchandise was not dutiable under the provision under which it was assessed with duty, but to also point out where in the tariff act it was dutiable, if anywhere.

It is apparent that the so-called protests under review here completely failed to indicate reasons for plaintiff's objections to the collector's classification as required by the plain language of the statute. Nor do they convey in any way what the protestant had in mind as the correct classification for the merchandise as judicially held to be necessary for a valid protest. Accordingly, these alleged protests contain no information that would allow the collector to conduct an intelligent review of his action as prescribed by the statute in section 515.

Plaintiff has suggested that, regardless of the language of its actual protest statements, the collector was, in fact, fully informed as to all the essential facts relating to the protestant's objections. In support of this contention, plaintiff states that all of its representations as to proper classification, which are contained in its letter to the Bureau of Customs, dated January 27, 1964, were made in the presence of customs officials of the Chicago appraiser's office on October 22, 1963. A reexamination of the merchandise was conducted on this date. Attached to protest 64/10950 there is a letter dated October 25, 1963, signed by plaintiff's counsel and directed to the collector at Chicago, stating plaintiff's belief that the merchandise covered by both protests is dutiable under item 711.25 of the new tariff schedules (TSUS). Such subsequent action and collateral material, it is claimed, supply the sufficiency required on the basis of decisions in *Kilburn Mill* v. *United States*, 26 CCPA 54, T.D. 49598, and *Atlantic Linen Importing Co.* v. *United States*, 54 Cust. Ct. 290, Abstract 68985.

Both cases, however, are clearly distinguishable. In the *Kilburn* case, which involved the refund of duties as drawback, the court held that the protests were sufficient because all of the essential facts relating to the protestant's claims appeared either in the protests themselves or in official documents which the collector had before him. Moreover, the court went on to say:

In view of the fact, however, that, so far as the issues in this case are concerned, section 313(a), *supra*, is the only section in the tariff act which provides for the refund of duties as drawback, we think it was unnecessary for the protestant to mention that section by number in order to call the attention of the collector to its provisions.

The particular fact situation in that case has no relevance to the circumstances existing here and, as noted by the appellate tribunal, if several sections of the act had possible application the situation would be greatly changed.

In the *Atlantic Linen* case, *supra*, the protest was upheld for sufficiency based upon the fact that it referred to a letter in the collector's official file which had been written by the importer, through the collector's office, to the Bureau of Customs stating distinctly and specifically its claim for classification. Such collateral support for the sufficiency of an otherwise insufficient protest appears to be in conflict with the decision in *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abstract 64258, wherein the court held:

\* \* \* *whether or not* the collector, possessed of information obtained from plaintiff's letter to the Bureau of Customs or other sources, may have been apprised of plaintiff's objections to the liquidation, *the protest itself* does not state a cause of action. [Emphasis added.]

However, whether under the strict ruling in the *National Carloading* case or the more liberal approach of the *Atlantic Linen* case, the protests at bar fail to state a cause of action within the meaning of section 514. As pointed out in defendant's brief, the subsequent action and collateral material in this case, whatever their inherent worth, were not forthcoming for over 5 months from the dates of filing the alleged protests. The uniformly observed rule of construction in these cases, as stated by the court of appeals in the *Sheldon* case, *supra*, is that, *at the time* of making its protest, the protestant must sufficiently convey to the collector the particular objection it has in mind. Based on this yardstick, the protests at bar are insufficient. While harsh results sometimes follow, courts, as well as litigants, are restricted by the mandates of the statute. The rights created by section 514 exist only as set forth therein, and equitable considerations cannot vary them. *American Mail Line* case, *supra*.

Order and judgment will be entered accordingly.