(C.D. 2626)

WIEBOLDT INTERNATIONAL DIV., WIEBOLDT STORES, INC.
*v.* UNITED STATES

United States Customs Court, First Division

(Decided March 8, 1966)

*Julius Groner* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Richard J. Kaplan* and *Morris Braverman*, trial attorneys), for the defendant.

### Before OLIVER, WILSON, and NICHOLS, Judges

WILSON, Judge: This matter is before the court on a motion made by counsel for the defendant to dismiss the above-enumerated protests on the grounds of insufficiency.

Plaintiff contends that the protests in question were sufficient to inform the collector of the protestant's objections to his decision in these matters and that the collector was fully and completely informed as to all of the essential facts relative to the claims of the plaintiff. The Government, on the other hand, contends that the documents at bar "fail to state a cause of action" and are insufficient under section 514 of the Tariff Act of 1930.

Section 514 of the Tariff Act of 1930 provides as follows:

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, *file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto.* The reliquidation of an

entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation. [Emphasis added.]

The pertinent facts in the case at bar are as follows: Entry No. 6303 herein, filed at the port of Chicago, Ill., on September 10, 1962, was liquidated on December 5, 1962. On December 31, 1962, the importer herein filed a letter with the collector as follows:

Dear Sir:

We hereby file protest against Entry No. 6303, dated 9/10/62 on the basis of classification of merchandise.

The letter in question was assigned collector's protest number 13664 which is covered by protest No. 63/14060 herein.

Entry No. 1562, filed at Chicago on July 19, 1962, was liquidated on November 7, 1962. On December 31, 1962, the importer also filed a letter with the collector relative to this entry, which states as follows:

Dear Sir:

We hereby file protest against Entry No. C–1562, dated 7/19/62 on the basis of classification of merchandise.

This letter was assigned collector's protest number 13665, which covers protest No. 63/15491 herein.

The papers included in protest 63/15491 herein include a letter dated July 31, 1962, from J. E. Bernard & Co., Inc., customhouse brokers, to the appraiser of merchandise at Chicago referring to entry No. 1562 and stating the importer's opinion that the merchandise covered thereby "is an oriental weave properly dutiable at 21%, Par. 1116(b), schedule A Commodity No. 11167000." It should be noted that the above letter was filed slightly over 3 months prior to the date of liquidation of entry 1562 on November 7, 1962, and has reference to a proposed advisory "rate advance to 40% under Par. 1117(a), schedule A commodity No. 11174700, as machine woven rugs, French Wilton type, valued over 40¢ per square foot," on the merchandise there involved which "was originally entered erroneously under Par. 1116(a) at 22½%, schedule A commodity No. 11164000."

Under section 514 of the Tariff Act of 1930, as heretofore indicated, the decision of the collector shall, upon the expiration of 60 days after the date of such liquidation, be final and conclusive upon all persons, unless the importer, consignee, or agent of the person paying such charge or exaction, shall, within *60 days after*, but *not before* such liquidation, *file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objections thereto.*

The question of sufficiency of protests has been passed upon by this court and the Court of Customs and Patent Appeals in decisions in

many cases. In *American Mail Line, Ltd.* v. *United States*, 34 CCPA 1, C.A.D. 335, the appellant protested the collector's assessment of duty at 50 per centum ad valorem under section 466 of the Tariff Act of 1930 on the cost of equipment and repairs made on the vessel *President Jefferson* while in a foreign country. It appears that no mention was made in the protest that the said vessel was not the character of ship for which repairs and equipment were made dutiable under the section in question. In holding the involved protests were insufficient, the court in the *American Mail* case, *supra*, held that a protest would be sufficient if it distinctly and specifically set out the reasons for the objections to the collector's action so that the collector would know what was in the mind of the protestant and, if proper, could take such action as was necessary to make corrections. It further held that the protestant was required not only to point out that its merchandise was not dutiable under the provision under which it was assessed with duty, but to also point out where in the tariff act it was dutiable, if anywhere. In the case at bar, the protests in question do not set forth any reason for objection to the collector's action "so that the collector would know what was in the mind of the protestant and, if proper, could take such action as was necessary to make corrections." Here, there were no official documents before the collector, other than the protests and the entry papers, which disclosed the essential facts relative to the claims of the protesting party herein. Under other circumstances, certain protests were likewise dismissed for insufficiency. See *U. Fujita & Co. et al.* v. *United States*, 26 CCPA 63, T.D. 49611; *J. R. Press Corporation* v. *United States*, 45 Cust. Ct. 382, Abstract 64924; and *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abstract 64258.

Plaintiff in support of its position directs our attention to the holding of our appellate court in the case of *Kilburn Mill* v. *United States*, 26 CCPA 54, T.D. 49598, inadvertently cited by counsel as *Wm. A. Foster & Co., Inc.* v. *United States*, 26 CCPA 55. The *Kilburn Mill* case, *supra*, involved the question of sufficiency of various protests against the liquidation of certain drawback claims. In upholding the sufficiency of the protests there in question, the court in the *Kilburn Mill* case, *supra*, at page 59, stated:

* * * There was nothing for the collector to do, upon the filing of the protests, but to re-examine his liquidations of the entries and ascertain the *relative values of the several products* resulting from the manipulation of the imported merchandise at the time of their separation, and the amount of the refund to which the importer was entitled, from facts officially before him. [Emphasis quoted.]

In our opinion, the circumstances in the *Kilburn Mill* case, *supra*, are unlike those prevailing in the case at bar where the collector was not fully informed as to all the essential facts relating to the objections

of the protestant herein, and, accordingly, is distinguishable from the case before us.

Plaintiff in its brief also relies upon the decision of this court in *Atlantic Linen Importing Co.* v. *United States*, 54 Cust. Ct. 290, Abstract 68985, wherein the court therein, one judge dissenting, held that a certain protest was sufficient to state a cause of action. However, the facts there at issue and those in the case at bar differ in material respects. The protest in the *Atlantic Linen* case, *supra*, especially directed the collector's attention to an earlier letter which set forth therein the objections and claims upon which the plaintiff in that case based its protest. Accordingly, the protest in the *Atlantic Linen* case was held sufficient to state a cause of action under section 514 of the tariff act here in question. In the present case, the plaintiff contends that the letter of July 31, 1962, from the customs broker to the appraiser relative to a proposed advisory rate advance coupled with the letters of "protest" dated December 31, 1962, from the importer to the collector were sufficient to validate the plaintiff's protests. However, it does not appear that the letter of July 31, 1962, from the customs broker to the appraiser and the letter dated December 31, 1962, from the importer to the collector were so connected in fact as to constitute a valid "protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry," the reasons for the objections to the decision of the collector herein. Unlike the situation in the *Atlantic Linen* case, *supra*, the purported protests filed on December 31, 1962, with the collector, made no reference whatsoever to any other documents. In the case of *Robert G. Winny* v. *United States*, G.A. 5683, 7 Treas. Dec. 774, T.D. 25297, the then Board of General Appraisers laid down the rule that a reference to another and separate statement of the reasons for an importer's objections to the payment of duties is not a compliance with customs law. Under all the circumstances in this case, we are of the opinion that the protests herein are fatally defective and must be dismissed as being insufficient in law, and so hold.

Judgment will issue accordingly.