(C.D. 3835)

C. M. WHITNEY CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 29, 1969)

*Gilmartin & Bartel* (*Stanley J. Bartel* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Steven Sosnov,* trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The merchandise of this protest consists of cement entered at Port Everglades, Florida, from Belgium, and covered under entries designated as H1961, H1964, H2431 and H2432. Presently before the court is a motion for dismissal of the protest, made by the defendant in open court upon the call of the calendar in Tampa, on the ground that the court lacks jurisdiction over the protest because it presents only a claim relating to the value of the merchandise. Decision on the motion was reserved by the trial court for disposition by the division.

Subsequently, plaintiff filed what purports to be a proposed amendment of the protest to which defendant voices opposition; and defendant also calls the court's attention to untimeliness of the instant protest as to entries H2431 and H2432.

Taking up the last item first, the court notes that the protest herein was filed on March 28, 1963, and that entries H2431 and H2432 were liquidated on November 26, 1962, and reliquidated on January 28, 1963. The filing of the protest was within 60 days of "reliquidation" but more than 60 days after "liquidation." Although it appears that as

to entries H2431 and H2432 plaintiff sought reliquidation under the provisions of 19 U.S.C.A., section 1520(c)(1) on the ground that a mistake of fact was made by the appraiser in the statement of the amount of the purchase price to be deducted from the fair market value, reliquidation was not made in the amount or under the theory advanced by plaintiff, but was made on a different basis called to the collector's attention by the appraiser, apparently on review of plaintiff's request for reliquidation. Reliquidation proceeded upon the theory that in ascertaining the unit purchase price per metric ton, net packed, the gross metric tonnage was divided by the appraiser into the total purchase price (as determined by the customs method as distinguished from the importer's statement of purchase price) rather than the net metric tonnage which should have been used in the calculation.

The gravamen of the protest is stated in language which reads:

> The reasons for objection under the applicable statutes are as follows:

> The merchandise involved in each of the said entries should be reappraised because it has not been taken into account that the cement in question was bought as second grade cement and that it had been warehoused for approximately six months and, therefore, it was a mistake on the part of the appraiser to assign to this cement such a high value in computing the dumping assessment. . . .

In view of this language, it is clear that the protest claim is not related to the subject matter of the "reliquidation" affecting entries H2431 and H2432. Consequently, the reliquidation of these entries would not have the effect of tolling the statute of limitations contained in 19 U.S.C.A., section 1514 (section 514, Tariff Act of 1930, as amended) which, as to the instant protest, commenced running from the time of the original liquidation on November 26, 1962. *F. W. Woolworth Co.* v. *United States*, 26 CCPA 157, C.A.D. 10 (1938). And since the protest was not filed within 60 days of the original liquidation it is untimely as to entries H2431 and H2432 and must, therefore, be dismissed as to said entries.

On the question of whether the protest states a justiciable cause of action affecting entries H1961 and H1964, the fact that the controversy, as indicated in the language of the protest, relates to proceedings under the anti-dumping statutes is of no consequence on the matter of legal sufficiency of the protest. See 19 U.S.C.A., section 169. The language of the protest deals exclusively with the appraisement proceedings and with the pleader's disenchantment therewith. This fact, and this fact alone, is determinative of the question of legal sufficiency here. The rule is that a plaintiff may not employ the remedy of a protest to challenge an erroneous determination of value rendered by the ap-

praiser, the proper remedy in such cases being a timely reappraisement appeal. *Jacob Lunitz & Son* v. *United States*, 48 Cust. Ct. 155, C.D. 2329 (1962), and cases cited on page 158. Since plaintiff has not filed any reappraisement appeal covering entries H1961 and H1964, and since the singular claim made in the protest does not challenge the collector's determinations under said entries, the protest as originally filed must be treated as a nullity, lacking as it does a statement of a justiciable protest claim.

Apparently realizing the invalidity of the original protest, plaintiff argues in its brief (page 1)—

> . . . Plaintiff submits that under the special facts of this case, reflected in the *Amended Protests* of even date, this case concerns the legality of the reappraisement [sic] seeking to assert antidumping duties on the goods here in question . . . [Emphasis added]—

on the theory that the legality of an appraisement may be attacked in a protest filed in lieu of a reappraisement appeal. The difficulty with plaintiff's position in this case is that plaintiff undertakes to raise the question as to the illegality of the appraisement by way of an attempted amendment of the protest, and not by way of its original protest. Inasmuch as the original protest conferred no jurisdiction upon the court for the reason stated herein, the protest could not be the proper subject for amendment. *J.R. Press Corporation* v. *United States*, 45 Cust. Ct. 382, Abs. 64924 (1960); *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abs. 64258 (1960). Therefore, we cannot consider the question of the legality of the appraisement herein as that question is not before us. For the reasons stated, the protest herein must also be dismissed as to entries H1961 and H1964.

Judgment will be entered accordingly.