(C.D. 4491)

PISTORINO & CO., INC. *v.* UNITED STATES

Court No. 70/44322

(Dated December 7, 1973)

*Walter E. Doherty, Jr.,* for the plaintiff.

*Irving Jaffe,* Acting Assistant Attorney General (*James Caffentzis,* trial attorney), for the defendant.

NEWMAN, Judge: Defendant's motion to dismiss this action for lack of jurisdiction is granted.

---

The pertinent facts are: Plaintiff made an entry at the port of Boston on December 2, 1968 covering two types of articles: "28 Cartons wool grease" (hereinafter wool grease), and "6 Drums other wool grease" (hereinafter other wool grease). On March 14, 1969 the entry was liquidated, and no protest was filed against such liquidation.

Subsequently, on March 6, 1970 the entry was reliquidated by the appropriate customs official, but only as to the *other* wool grease, resulting in a refund of duty to plaintiff. On May 4, 1970, plaintiff lodged a protest against the reliquidation, challenging the classification of the wool grease which was not involved in the reliquidation.

In its motion to dismiss, defendant contends that since the wool grease was not involved in the reliquidation, the protest is untimely under the provisions of 19 U.S.C. § 1514 (1964).*

It is fundamental that a protest against a reliquidation must be limited to questions involved in the reliquidation. *Moses Harvey Brotman* v. *United States*, 27 Cust. Ct. 251, C.D. 1380 (1951); *Joseph E. Seagram & Sons, Inc.* v. *United States*, 15 Cust. Ct. 95, C.D. 951 (1945). And issues which could have been raised at the time an entry was originally liquidated are not opened up for protest by reason of a reliquidation which fails to disturb the collector's previous determination in respect thereto. *F. W. Woolworth Co.* v. *United States*, 26 CCPA 157, C.A.D. 10 (1938); *C. M. Whitney Co., Inc.* v. *United States*, 62 Cust. Ct. 621, C.D. 3835 (1969); *Dover Shipping Co., Ltd.* v. *United States*, 4 Cust. Ct. 135, C.D. 306 (1940).

Inasmuch as the reliquidation of March 6, 1970 did not involve the wool grease, plaintiff was barred after sixty days from the original liquidation of March 14, 1969 from filing a protest concerning the classification of that merchandise. Hence, plaintiff's protest, filed on May 4, 1970 respecting the classification of the wool grease is untimely under § 1514, and the court lacks jurisdiction of this action. Accordingly, defendant's motion to dismiss is granted.

---

*19 U.S.C. § 1514 (1964), so far as pertinent provides: "* * * all decisions of the collector, including * * * his liquidation or reliquidation of any entry, * * * shall upon the expiration of sixty days after the date of such liquidation, reliquidation, * * * be final and conclusive upon all persons * * * unless the importer, consignee, or agent of the person paying such charge or exaction, * * * shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. *The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation"*. (Emphasis added.)